UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOREHOUSE HOMES, INC., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>KALIB M. BABCOCK, et al.,<br><br>    Defendants. | Case No. 15-cv-00733-JCS<br><br>**ORDER GRANTING APPLICATIONS TO PROCEED IN FORMA PAUPERIS;**<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED** |

## I.    INTRODUCTION

Plaintiffs Morehouse Homes, Inc. and Spencer David Company, Inc. brought an unlawful detainer action in state court against Defendants Kalib Babcock and Wendy Hughes.  Defendants, proceeding pro se, removed the case to this Court.  *See* Notice of Removal (dkt. 1).  Defendants are hereby ORDERED to show cause why this case should not be remanded to the California Superior Court, by filing a brief no later than **April 9, 2015**, and attending a hearing on **April 10, 2015 at 2:00 p.m.** in Courtroom G of the San Francisco federal courthouse at 450 Golden Gate Avenue.

## II.    APPLICATIONS TO PROCEED IN FORMA PAUPERIS

Both Defendants have filed applications to proceed in forma pauperis.  Dkts. 2, 3.  Good cause showing, Defendants' applications are GRANTED.

## III.    ORDER TO SHOW CAUSE

Federal courts have limited subject matter jurisdiction, and may only hear cases falling within their jurisdiction.  A defendant may remove a civil action filed in state court if the action could have been filed originally in federal court.  28 U.S.C. § 1441.  The removal statutes are construed restrictively so as to limit removal jurisdiction.  *Shamrock Oil & Gas Corp. v. Sheets*,

313 U.S. 100, 108−09 (1941).  The Ninth Circuit recognizes a "strong presumption against removal."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotations omitted). Any doubts as to removability should be resolved in favor of remand.  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).  The defendant bears the burden of showing that removal is proper.  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

Here, Defendants' Notice of Removal invokes federal question jurisdiction.  *See* Notice of Removal ¶¶ 7−10.[1]  Federal question jurisdiction under § 1331 encompasses civil actions that arise under the Constitution, laws, or treaties of the United States.  *See* 28 U.S.C. § 1331.  "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turns on some construction of federal law.'"  *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088 (9th Cir. 2002) (citations omitted). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).  A federal question must arise from the complaint—it is "settled law that a case may not be removed to federal court on the basis of a federal defense."  *Caterpillar*, 482 U.S. at 393.

Here, the Complaint alleges only violations of California state law.  Defendants' Notice of Removal states that a "[f]ederal question exists because Defendant's Answer, a pleading depend [sic] on the determination of Defendant's rights and Plaintiff's duties under federal law."  Notice of Removal ¶ 10.  Even if that is so, a federal defense presented in the Answer provides no basis for removal.  *See Caterpillar*, 482 U.S. at 393.

Accordingly, Defendants are hereby ORDERED to show cause why this case should not be remanded to the California Superior Court for the County of Contra Costa, by filing a brief not to exceed ten double-spaced pages **no later than April 9, 2015.**  A hearing will occur on **Friday, April 10, 2015 at 2:00 p.m.** in Courtroom G, located on the 15th floor of the federal courthouse at

---

[1] Defendants have not invoked federal diversity jurisdiction under 28 U.S.C. § 1332, and there is no indication that diversity jurisdiction applies.  All parties appear to be citizens of California.

450 Golden Gate Avenue, San Francisco, California. Defendants are required to attend.

## IV. CONCLUSION

For the reasons discussed above, Defendants are ORDERED to show cause why this case should not be remanded for lack of federal jurisdiction. **If Defendants fail to comply with this Order, the case will be remanded and Defendants may face monetary sanctions.**

Defendants are encouraged to consult with the Federal Pro Bono Project's Legal Help Center in either of the Oakland or San Francisco federal courthouses for assistance. The San Francisco Legal Help Center office is located in Room 2796 on the 15th floor at 450 Golden Gate Avenue, San Francisco, CA 94102. The Oakland office is located in Room 470-S on the 4th floor at 1301 Clay Street, Oakland, CA 94612. Appointments can be made by calling (415) 782-8982 or signing up in the appointment book located outside either office. Lawyers at the Legal Help Center can provide basic assistance to parties representing themselves but cannot provide legal representation.

**IT IS SO ORDERED.**

Dated: March 31, 2015

_____
JOSEPH C. SPERO
Chief Magistrate Judge