UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOREHOUSE HOMES, INC., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>KALIB M. BABCOCK, et al.,<br><br>    Defendants. | Case No. 15-cv-00733-JCS<br><br>**REPORT AND RECOMMENDATION REGARDING REMAND TO STATE COURT** |

## I.  INTRODUCTION

Plaintiffs Morehouse Homes, Inc. and Spencer David Company, Inc. brought this unlawful detainer action against Defendants Kalib Babcock and Wendy Hughes in the California Superior Court for Contra Costa County. Defendants, proceeding pro se, removed the case to this Court, asserting federal question jurisdiction. *See* Notice of Removal (dkt. 1). The undersigned magistrate judge issued an order to show cause why the case should not be remanded for lack of federal jurisdiction. Order to Show Cause (dkt. 8). Defendants failed to file a response by the April 9, 2015 deadline and did not attend the hearing scheduled for April 10, 2015. For the reasons stated below, the undersigned recommends that this action be REMANDED to state court. Because the parties have not consented to the jurisdiction of a magistrate judge, the case will be reassigned to a United States district judge for further proceedings.

## II.  ANALYSIS

Federal courts have limited subject matter jurisdiction, and may only hear cases falling within their jurisdiction. A defendant may remove a civil action filed in state court if the action could have been filed originally in federal court. 28 U.S.C. § 1441. The removal statutes are construed restrictively so as to limit removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108−09 (1941). The Ninth Circuit recognizes a "strong presumption against

removal." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotations omitted). Any doubts as to removability should be resolved in favor of remand. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). The defendant bears the burden of showing that removal is proper. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). A district court may remand a case to state court sua sponte if it determines that jurisdiction is lacking. 28 U.S.C. § 1447(c); *see Smith v. Mylan, Inc.*, 761 F.3d 1042, 1043 (9th Cir. 2014).

Here, Defendants' Notice of Removal invokes federal question jurisdiction. *See* Notice of Removal ¶¶ 7−10.[1] Federal question jurisdiction under § 1331 encompasses civil actions that arise under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turns on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088 (9th Cir. 2002) (citations omitted). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). A federal question must arise from the complaint—it is "settled law that a case may not be removed to federal court on the basis of a federal defense." *Caterpillar*, 482 U.S. at 393.

The Complaint in this case alleges only violations of California state law. *See generally* Compl. (Notice of Removal at ECF pp. 5−9); *see also, e.g.*, *Litton Loan Servicing, L.P. v. Villegas*, No. C 10-05478 PJH, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011) (unlawful detainer is a state law claim). Defendants' Notice of Removal states that a "[f]ederal question exists because Defendant's Answer, a pleading depend [sic] on the determination of Defendant's rights and Plaintiff's duties under federal law." Notice of Removal ¶ 10. Even if that is so, a federal defense presented in the Answer provides no grounds for removal. *See Caterpillar*, 482 U.S. at 393. The undersigned therefore finds no basis for federal jurisdiction, and recommends

---

[1] Defendants have not invoked federal diversity jurisdiction under 28 U.S.C. § 1332, and there is no indication that diversity jurisdiction applies. All parties appear to be citizens of California.

that the case be remanded.

## III. CONCLUSION

For the reasons stated above, the undersigned recommends that this action be REMANDED to the California Superior Court for Contra Costa County. The case will be reassigned to a United States district judge for action on this recommendation and any further proceedings. Any party may file objections to this recommendation no later than fourteen days after being served with a copy of this Report.

Defendants, who are unrepresented, are encouraged to consult with the Federal Pro Bono Project's Legal Help Center in either of the Oakland or San Francisco federal courthouses for assistance. The San Francisco Legal Help Center office is located in Room 2796 on the 15th floor at 450 Golden Gate Avenue, San Francisco, CA 94102. The Oakland office is located in Room 470-S on the 4th floor at 1301 Clay Street, Oakland, CA 94612. Appointments can be made by calling (415) 782-8982 or signing up in the appointment book located outside either office. Lawyers at the Legal Help Center can provide basic assistance to parties representing themselves but cannot provide legal representation.

Dated: April 14, 2015

JOSEPH C. SPERO
Chief Magistrate Judge